JOHN O'DONNEL, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF DANIEL J. O'DONNEL, DECEASED, PLAINTIFF, v. LAGGREN BROTHERS COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, AND PATRICK CONTEY, DEFENDANTS.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Kellogg & Chance* and *Frank V. Introcaso.*

*Contra, Edward Griffin.*

PER CURIAM.

This is a rule for new trial allowed to the defendant Laggren Brothers Company, Incorporated. The action was by O'Donnel, as administrator of his deceased son Daniel, a boy a little under fourteen years of age, to recover damages for the death of the son, claimed to have been caused by the negligence of the defendants. The case was tried.at the Hudson Circuit and resulted in a verdict of $6,500 against Laggren Brothers, Incorporated, and a verdict of no cause of action as to the defendant Contey.

The reasons urged for making the rule absolute are that the court should have granted the defendants' motion for a nonsuit at the conclusion of the plaintiff's proofs and a like motion for direction of a verdict in favor of the defendants at the conclusion of the entire case, on the ground that no negligence had been shown in the defendant and that the deceased was guilty of contributory negligence; also that the verdict is contrary to the weight of the evidence and is excessive.

The action arose out of an accident which occurred about noon, August 3d, 1926, on Broadway just below Forty-fourth street, in the city of Bayonne. Deceased was riding on a bicycle westerly on Forty-fourth street, intending to turn southward on Broadway. As he reached Broadway his progress was stopped by a truck of the defendant Contey, which was proceeding south on Broadway. As the truck passed he proceeded immediately behind it, passing down Broadway, and then turning to his right and riding beside the Contey truck, collided with the rear left wheel of the Laggren truck and was thrown under the rear right wheel of the Contey truck and killed. One witness for the plaintiff testified that the Laggren truck had been parked facing the wrong way on the west side of Broadway, turned around and was proceeding south when the collision occurred; later testifying that the turn was not complete at the time but that it was then pointed toward the Contey truck moving south. Another witness for the plaintiff testified that the Laggren truck was pointed toward the Contey truck when the accident happened.

If the Laggren truck was proceeding south, obviously no negligence was exhibited in the driver. If it was turning and was facing the Contey truck at the time of the accident, it would be difficult to see how a collision of the bicycle with the left-hand rear wheel could throw the deceased the length of the truck and in front of the rear wheel of the Contey truck. The whole story, however, that this truck had been parked facing in the wrong direction on the street or that it made any movement is so at variance with the great preponderance of evidenec in the case that a new trial must be awarded.

Rule absolute as to Laggren Brothers Company, Incorporated.